

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| NOEL TSHIANI | : | Case No. 14-14920PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION AND ORDER
### (Counsel's Fee Application)

      This case is before the court on the Amended Motion of Asukwo Mendie Archibong and the Archibong Law Firm for attorney's fees rendered in connection with the litigation of the case of *Marie-Louise Ntumba vs. Noel Tshiani* in the Circuit Court for Montgomery County, Maryland, Case No. 75765-FL. The family law case predated the filing of this bankruptcy case under Chapter 13, now converted to Chapter 7 and may still be active, although that fact is not pertinent to this decision.

      As explained in the court's Order rescheduling the original Motion entered June 25, 2014, this case spans three time zones with different rules pertinent to each. The first time zone involves services rendered prior to the filing of the case on March 28, 2014; the second, services rendered when this case was in Chapter 13 until it was voluntarily converted to a case under Chapter 7 on May 7, 2014; and the third, services rendered after the case was converted to a case under Chapter 7. Counsel filed an Amended Motion on June 30, 2014.

      The pre-filing attorneys' fees are included in the Proof of Claim filed June 30, 2014, in the sum of $10,078.50. This is a claim payable pro rata with distributions to other allowed claims from the property of the estate administered by Roger Schlossberg, the Chapter 7 Trustee.

Either he or any creditor is free to object to the Proof of Claim.  Under Rule 3001(f), a claim, executed and filed in accordance with Bankruptcy Rules, constitutes *prima facie* evidence of the validity and the amount of the claim.  The services rendered during the pendency of this case while under the Chapter 13 phase of this case are subject to 11 U.S.C. § 330(a)(4)(B) that allows reasonable compensation for representing the interests of the Debtor.  A claim against the estate of a debtor that arises after the order for relief but before conversion is treated for all purposes as if it had arisen immediately before the date of the filing of the petition.  11 U.S.C. § 348(d).  Inasmuch as all of the services appear to be rendered prior to the conversion of the case to a case under Chapter 7, the entire claim is treated as a pre-petition claim.  Any services rendered after the conversion of the case are not subject to the jurisdiction of this court.

       Accordingly, Claim No. 7-2 is allowed in full as a pre-petition claim.

       IT IS SO ORDERED.


cc:    Debtor
        Debtor's Counsel
        Asukwo Archibong/Archibong Law Firm
        Chapter 7 Trustee
        All creditors and interested parties

**End of Memorandum of Decision and Order**