IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **NOEL K. TSHIANI** | * | |
| APPELLANT, | * | |
| v. | * | Case No: GJH-14-3675 |
| **JOHN C. MONAHAN** | * | |
| APPELLEE. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

This case is before the Court on appeal from the order of Bankruptcy Judge Paul Mannes dismissing Noel Tshiani's ("Tshiani's") adversary complaint against a court-appointed trustee, John Monahan ("Monahan"). *See* ECF Nos. 1-12, 1-13. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and records, and the decisional process would not be significantly aided by oral argument. *See* Fed.R.Bankr.P. 8012; *see also* Loc. R. 105.6 (Md.). For the reasons stated below, the Court will AFFIRM the Bankruptcy Court's order dismissing Tshiani's adversary complaint against Monahan.

### I.     BACKGROUND

On March 28, 2014, Tshiani filed a case under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. *See* ECF No. 1-5 at ¶ 6. Upon the filing of Tshiani's bankruptcy petition, all acts to obtain possession of property from his estate were automatically stayed pursuant to § 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362; *see also* ECF No. 1-5 at ¶

1

7. Tshiani's Chapter 13 case was ultimately converted to a Chapter 7 proceeding on May 7, 2014. ECF No. 1-12 at 6.[1]

Prior to the filing of Tshiani's bankruptcy case, he was involved in a lengthy and acrimonious divorce proceeding with his ex-wife, Marie Ntumba ("Ntumba"). *See id.* at 3-7. As a result of that proceeding, Ntumba was awarded a monetary judgment that Tshiani would satisfy through a division of marital property, including the marital home (the "Property"). *See id.* On September 26, 2012, the Circuit Court for Montgomery County, Maryland ("Circuit Court") – the court presiding over Tshiani's divorce proceeding – appointed Monahan as trustee to sell the Property in order to collect the debt Tshiani owed to Ntumba. *See id.* at 5.

Tshiani failed to cooperate with Monahan's efforts to sell the Property, and, as a result, the Circuit Court entered a number of orders compelling Tshiani's cooperation. *See* ECF 1-8 at 2-61. Due to Tshiani's repeated failures to cooperate, the Circuit Court held a civil contempt hearing on April 25, 2014 (a month after the automatic stay went into effect) and held the matter under advisement. *See id.* at 54. On May 1, 2014, the Circuit Court found Tshiani in contempt and imposed a suspended sentence and fine. *See id.* at 55-56. On May 2, 2014, the Circuit Court entered an Amended Contempt Order, finding Tshiani in constructive contempt of the Circuit Court for his willful violation of a Court Order entered by Judge Robert Greenberg on February 4, 2014, which required Tshiani to vacate the Property. *See id* at 75-77.

Shortly thereafter, Tshiani filed an Ex Parte Motion for Stay Pending Appeal. *See id.* at 79-113. On May 8, 2014, the Circuit Court heard argument on Tshiani's ex parte motion and held that the Amended Contempt Order was exempt from the automatic stay under 11 U.S.C. § 362 because the Order did not affect any property that was the subject of the bankruptcy estate

---

[1] For the citations to page numbers in this Memorandum Opinion, the Court uses the page numbers assigned to the document from CM/ECF or PACER.

2

and the order was entered to protect the dignity of the Circuit Court. *See id.* Then, on July 1, 2014, the Bankruptcy Court lifted the automatic stay due to Tshiani's "ongoing contempt of the state court order [requiring Monahan to sell the Property], his failure to make required payments to the mortagee as demonstrated by the statement from Bank of America [], as well as the absence of opposition from the Chapter 7 Trustee." ECF No. 1-18 at 2. Accordingly, the Bankruptcy Court "terminate[d] the automatic stay so as to permit [Monahan] to proceed with his efforts to sell the [P]roperty, subject to the proviso that any funds received from the sale in excess of all valid liens and expenses of sale be turned over to the Chapter 7 Trustee to be administered by him." *Id.*

On July 31, 2014, Tshiani filed an adversary complaint against Monahan alleging that the contempt proceedings, which occurred after the automatic stay went into effect, were a violation of the automatic stay under 11 U.S.C. § 362. *See* ECF No. 1-5. Monahan moved to dismiss the adversary action on September 5, 2014. *See* ECF No. 1-6. Following a hearing, the Bankruptcy Court issued a Memorandum Opinion and Order on October 30, 2014, dismissing the Complaint. *See* ECF Nos. 1-12; 1-13. Specifically, the Bankruptcy Court held that (1) it did not have jurisdiction over Monahan, a trustee appointed by another court, where Tshiani failed to obtain leave of the Circuit Court to bring a claim against that court's trustee; and (2) there was no violation of the automatic stay in the contempt action that was directed at Tshiani's actions and not the estate, and where the contempt order was entered to uphold the dignity of the Circuit Court. *See* ECF No. 1-12. For the reasons stated more fully below, the Court will AFFIRM the Bankruptcy Court's ruling.

## II. STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the Bankruptcy Code, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *See In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *see also In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001)

## III. DISCUSSION

The Court will first address Monahan's jurisdictional arguments before analyzing his arguments based on the merits because "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* Here, Monahan argues that this Court lacks jurisdiction under the *Barton* doctrine and that Tshiani's appeal should therefore be dismissed. *See Barton v. Barbour*, 104 U.S. 126 (1881). The Court agrees.

As the Fourth Circuit has recently explained:

> The Supreme Court established in *Barton* that before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver. *See Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004). This principle has been extended to suits against bankruptcy trustees, *see id.*; *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005), and to suits against trustees' attorneys, *see Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006). To determine whether a complained-of act falls under the *Barton* doctrine, courts consider the nature of the function that the trustee or his counsel was performing during commission of the actions for which liability is sought. *See Heavrin v. Schilling (In re Triple S Rests., Inc.)*, 519 F.3d 575, 578 (6th Cir. 2008). When trustees act 'within the context' of their role of 'recovering assets for the estate,' leave

4

> must be obtained. *Id*. Acts are presumed to be part of the duties of the trustee or his counsel 'unless Plaintiff initially alleges at the outset facts demonstrating otherwise.' *In re Lowenbraun*, 453 F.3d at 322 (internal quotation marks omitted).

*McDaniel v. Blust*, 668 F.3d 153, 156-57 (4th Cir. 2012) (footnotes omitted).

Here, it is undisputed that Tshiani failed to obtain leave from the Circuit Court before filing his adversary complaint against Monahan. Tshiani argues, however, that he was not required to seek leave from the Circuit Court in order to proceed with his action against Monahan because Monahan was already subject to suit in the Bankruptcy Court as a result of his "appointment" under the Bankruptcy Court's Order Granting Relief from Stay. *See* ECF No. 7 at 11; *see also* ECF No. 1-18. Specifically, the Bankruptcy Court's Order Granting Relief from Stay stated, among other things, that, "the court finds it appropriate to terminate the automatic stay so as to permit [Monahan] to proceed with his efforts to sell the property, subject to the proviso that any funds received from the sale in excess of all valid liens and expenses of sale be turned over to the Chapter 7 Trustee to be administered by him." *Id.* at 2. Thus, according to Tshiani, as a result of the Bankruptcy Court's order, "Monahan was acting as the functional equivalent of a trustee appointed by the Bankruptcy Court itself. . . . [and therefore] an agent of the bankruptcy estate, subject to the jurisdiction of the Bankruptcy Court." ECF No. 7 at 11. The Court disagrees.

As the Fourth Circuit stated in *McDaniel*, acts taken by a court-appointed trustee "are presumed to be part of the duties of the trustee . . . *unless Plaintiff initially alleges at the outset facts demonstrating otherwise.*" 668 F.3d at 157. Here, Tshiani has failed to meet this pleading burden. The allegations in Tshiani's adversary complaint only relate to acts allegedly taken by Monahan in his capacity as a trustee appointed by the Circuit Court. *See* ECF No. 1-5. Tshiani's adversary complaint (which was filed *after* the Bankruptcy Court's order lifting the automatic

5

stay) does not allege that, as a result of the Bankruptcy Court's order, Monahan somehow became the "functional equivalent" of the court-appointed bankruptcy trustee, such that he would be subjected to the jurisdiction of the Bankruptcy Court. Tshiani has therefore failed to allege facts demonstrating that Monahan's actions were taken outside of his role as the trustee appointed by the Circuit Court.

In any event, Monahan was *not* the functional equivalent of the Bankruptcy trustee. In determining whether a complained-of act falls under the *Barton* doctrine, the Court "consider[s] the nature of the function that the trustee . . . was performing during commission of the actions for which liability is sought." *McDaniel*, 668 F.3d at 157. Here, when considering the nature of Monahan's actions, it is clear that he was acting in his capacity as the trustee appointed by the Circuit Court to sell the Property. That Tshiani's obstructionist behavior (*see* ECF No. 1-12 at 3-7) made it impossible for Monahan to fulfill his court-mandated duties and forced the Bankruptcy Court to issue an order terminating the automatic stay to allow Monahan to sell the Property, does not transform Monahan into the functional equivalent of the Chapter 7 Bankruptcy Trustee. Rather, Monahan was, at all relevant times, acting in his capacity as the trustee appointed by the Circuit Court, and the duties imposed on him were those originally imposed as a result of his appointment by the Circuit Court.

Further illustrating this point is the fact that the Bankruptcy Court's order itself did not, in any material way, add (or subtract) from Monahan's original trustee responsibilities. In fact, the order does not *require* Monahan to do anything; it merely "*permit[s]* [him] to proceed with his efforts to sell the [P]roperty." ECF No. 1-18 at 2 (emphasis added). This is in sharp contradistinction to the Circuit Court's September 21, 2012, order *requiring* Monahan "to serve as Trustee of the [Property] to effectuate its appraisal, listing and private sale . . . ." ECF No. 1-

6

16 (emphasis added). The Court therefore concludes that, at all relevant times, Monahan was acting within his role as the trustee appointed by the Circuit Court and that the Bankruptcy Court's order did not transform him into the functional equivalent of the Chapter 7 Bankruptcy Trustee. As a result, Tshiani was required to obtain leave of the Circuit Court prior to bringing his claim against Monahan. Because he failed to obtain such leave, the Bankruptcy Court properly dismissed Tshiani's adversary complaint. Accordingly, the Court will AFFIRM the Bankruptcy Court's dismissal of Tshiani's appeal on the grounds that it lacked jurisdiction under *Barton*.

Having determined that the Bankruptcy Court lacked jurisdiction over Tshiani's appeal, this Court need not reach the question of whether Monahan violated the automatic stay provision of the Bankruptcy Code by pursuing a contempt action against Tshiani. *See e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999) ("[A] federal court [may] choose among threshold grounds for denying audience to a case on the merits."); *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 333 (4th Cir. 2001) (recognizing that "this court must be sure of its own jurisdiction before getting to the merits").

## VI. CONCLUSION

For the aforementioned reasons, the Order from the Bankruptcy Court is AFFIRMED.

Dated: June 18, 2015                                                    /S/
                                                                        George J. Hazel
                                                                        United States District Judge